**Dated: April 13, 2006**
**The following is ORDERED:**

Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**ARMANDO CAMPOS and**      Case No. 06-80088
**MARTHA CAMPOS**      Chapter 13

     Debtors.

## O R D E R

On the 12th day of April, 2006, the Debtors' Motion for Continuation of Automatic Stay and Vanderbilt Mortgage and Finance, Inc.'s Objection to Debtors' Motion for Continuance of Stay, came on for evidentiary hearing. Appearances were entered by Dekovan Bowler, Attorney for Debtors, James Hinds, Attorney for Vanderbilt Mortgage and Finance, Inc. ("Creditor"), and Frank Medearis for William M. Bonney, Chapter 13 Trustee. After reviewing the testimony and pleadings, this Court does hereby enter the following in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtors filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on July 14, 2005, Case Number 05-72991. The Trustee filed a Motion to Dismiss on September 13, 2005, due to Debtors'

failure to make plan payments, provide bank statements, and the lack of feasibility in the Debtors' proposed Chapter 13 Plan. No objections to the Trustee's Motion were filed, and an Order granting the Motion to Dismiss was entered October 6, 2005. A plan was never confirmed in this first case.

Debtors filed for Chapter 13 relief again on February 28, 2006, and filed their Motion for Continuation of the Automatic Stay on March 7, 2006. In their Motion, Debtors state that the new case was filed in good faith and that they will be able to fully perform under the terms of their proposed plan. Debtors further state that they were incarcerated in 2005 for writing bogus checks and were unable to make their plan payments in their previous bankruptcy case.

At the evidentiary hearing, Mrs. Campos testified as to the circumstances present during the first bankruptcy case, and now present in the second bankruptcy case. Mrs. Campos stated that during the first case, she and her husband owned and operated a Mexican restaurant in Lone Grove, Oklahoma. The restaurant was open for a short time, and during the Debtors' first bankruptcy case business started going down. Debtors now have new employment, Mr. Campos is a restaurant manager and Mrs. Campos cares for her grandmother. Mrs. Campos stated that she and her husband can make their new plan payments.

Mrs. Campos testified that she and her husband started writing bogus checks after their business started dwindling, and their legal troubles soon followed. From her testimony, it appears that the Debtors were incarcerated in late September or early October of 2005, and Mr. Campos remained in jail for thirty days, while Mrs. Campos was not released until early December of 2005.

Creditor objects to the continuation of the Debtors' automatic stay. The Trustee did not file an objection. Creditor argues in its Objection that willful criminal conduct cannot overcome the burden and presumption of lack of good faith.

2

Under Section 362(c)(3)(A), if a debtor had a prior bankruptcy case pending within one year of the present case, the automatic stay terminates with respect to the debtor thirty days after filing. 11 U.S.C. § 362(c)(3)(A). Section 362(c)(3)(B) provides that a party in interest may request the extension of the automatic stay past thirty days "as to any or all creditors ... after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B).

Pursuant to Section 362(c)(3)(C)(I), a presumption that the present case was not filed in good faith arises when:

> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>
> (II) a previous case under any chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to -
>
>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>
>> (bb) provide adequate protection as ordered by the court; or
>>
>> (cc) perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded -
>
>> (aa) if a case under chapter 7, with a discharge; or
>>
>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed..."

11 U.S.C. § 362(c)(3)(C). This Court previously dealt with the issue of extending the automatic stay under

3

§ 362(c)(3) in *In re Phillips,* 336 B.R. 818 (Bankr. E.D. Okla. 2006). In that case, this Court found that the dismissal of the debtor's previous Chapter 13 case was beyond the debtor's control, and that there was a substantial change in the debtor's financial and personal affairs since the dismissal. Accordingly, this Court granted the debtor's request to extend the automatic stay.

In the present case, the Debtors' circumstances have substantially changed since the dismissal of the previous case. Debtors are no longer running their own business. Mr. Campos is employed by another restaurant and Mrs. Campos cares for her grandmother. Debtors have regular income that can be used to fund their proposed Chapter 13 Plan. Further, Debtors are no longer incarcerated. This Court finds that the primary cause for the dismissal in the Debtors' previous Chapter 13 case was the failing business the Debtors were attempting to support.

IT IS THEREFORE ORDERED that the Debtors' Motion for Continuation of the Automatic Stay is **granted.**

###

4